```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


JOHN CANTRELL,                  )
                                )
            Plaintiff           )
                                )
       v.                       )   Case No. 2:04 cv 364
                                )
SONYA A. MORRIS,                )
                                )
            Defendant           )
```

OPINION AND ORDER

This matter is before the court on the Motion to Stay Proceedings filed by the defendant, Sonya Morris, on July 15, 2005.  For the reasons set forth below, the motion is **DENIED**.

Background

The plaintiff, John Cantrell, alleges that he was terminated by the defendant, East Chicago City Judge Sonya Morris, because he supported the candidacy of Corinth Bishop II for City Judge in the primary election won by Morris.

On October 22, 2004, Morris filed a Federal Rule of Civil Procedure 12(b) Motion to Dismiss, arguing that Cantrell failed to join the City of East Chicago as an indispensable party and that Cantrell could not seek a claim for damages under the free speech provision of the Indiana Constitution, Art. 1, ß9.  On May 17, 2005, this court denied the motion to dismiss in part, stating that the City of East Chicago could be joined and that Cantrell could seek injunctive relief against Morris under the Indiana Constitution.  The court, however, certified the question, "Does a private right of action for damages exist under

Article 1, Section 9 of the Indiana Constitution, and if so, what are the elements of the action the plaintiff must prove?" to the Indiana Supreme Court.  Morris now seeks to stay all proceedings in this action pending the Indiana Supreme Court's decision on the certified question.

## Discussion

The trial court has "inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate." *Doe v. City of Chicago*, 360 F.Supp.2d 880, 881 (N.D. Ill. 2005).  Although Morris makes no arguments in support of a stay in her opening brief, she argues in her reply brief that more discovery might be necessary if the Indiana Supreme court were to find that a private right of action were to exist under the Free Speech provision and if that private right of action differed materially from the right recognized in the federal constitutional context.

In addition to noting that arguments raised for the first time in a reply brief are waived, the court finds that a stay is not justified in this case.  See *Pugel v. Board of Trustees of the University of Illinois*, 378 F.3d 659, 669 (7th Cir. 2004) (*quoting* *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998)); *AT&T Wireless PCS, Inc. v. Town of Porter*, 203 F.Supp.2d 985, 989 (N.D. Ind. 2002).  The certified question was fully briefed before the Indiana Supreme Court on August 18, 2005, and a decision from that court may be many months away.  In addition, the question will not be dispositive of the federal causes of

2

action in this case.  As a general rule, the interests of justice are best served by the timely progression of a case.  Because the certified question will impact only one of several claims in this case, a stay is not appropriate.

_____

For the foregoing reasons, the Motion to Stay Proceedings filed by the defendant, Sonya Morris, on July 15, 2005, is **DENIED**.

ENTERED this 14th day of September, 2005

                                          s/ ANDREW P. RODOVICH
                                              United States Magistrate Judge